**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| Imagination Products Corp, | ) | Case No.: 26-cv-5000 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge: |
| | ) | |
| Xfire-US | ) | Magistrate: |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

**COMPLAINT**

Imagination Products Corp. ("Plaintiff") hereby files this Complaint for trademark infringement and related claims against Defendant, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

**THE PARTIES**

1. Plaintiff is a corporation formed under the laws of the State of Illinois with a principal place of business located at 227 West Cedar Street, Chillicothe, Illinois 61523.

2. Defendant is believed to be an individual and unincorporated business association who, upon information and belief, resides in foreign jurisdictions. The true names, identities, and addresses of Defendant is currently unknown.

3. Defendant conducts its illegal operations through fully interactive commercial websites hosted on Amazon.com through the below listed store name and Amazon seller ID. The Defendant has infringed Plaintiff's rights by selling and offering for sale the infringing products listed in each of the infringing ASINs shown in the following table:

1

| Store Name | Seller ID | Infringing ASINs |
|---|---|---|
| Xfire-US | ARMPJT4EFZLE2 | B0DRGGSRVC, B0F24FS4KX, B0FJ8XS3CS, B0F6NC5MM8, B0F9TFDRH3, B0G2LCTDR3, B0G2LCXY7J, B0G2L9G142, B0GT93NSJF |

4.  Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products through the above ASINs that violate Plaintiff's intellectual property rights ("Infringing Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois. Defendant has sold and shipping Infringing Products into this district. True and accurate copies of listings illustrating Defendant's Infringing Products are attached as Exhibit 2. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5.  Through the operation of its Amazon store, Defendant is directly and personally contributing to, inducing and engaging in the sale of Infringing Products as alleged, often times as partners, co-conspirators, and/or suppliers.

6.  Upon information and belief, Defendant is part of an interrelated group of counterfeiters and trademark infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products. The Infringing Products all show the same similarity of manufacture and appear to be sourced from the same manufacturer as those of other third-party sellers.

7.  Defendant intentionally conceals its identity and the full scope of its counterfeiting operations in an effort to deter Plaintiff from learning Defendant's true identity and the

2

exact interworking of Defendant's illegal counterfeiting and infringing operations. The identity of the Defendant is presently unknown.

8. Defendant is primarily Chinese and markets Infringing Products and/or market their products under the registered trademark of Plaintiff. On information and belief, Defendant sources its goods from a common manufacturer of other infringers or consortium of manufacturers under the direction or influence of local or national governments.

## JURISDICTION AND VENUE

9. This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121l. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

11. This Court has personal jurisdiction over Defendant in that it transacts business in the State of Illinois and in the Northern District of Illinois.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendant is an entity or individual subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant directly targets business activities towards consumers in the State of Illinois.

### BACKGROUND FACTS

13. Plaintiff is engaged in the business of manufacturing, distributing, and retailing products configured to remove clogs from drains with use of handheld mechanical force. Plaintiff sells its products under the name DRAIN WEASEL. Plaintiff utilizes a specialized trade dress to identify its products to consumers. This includes utilizing a special orange color on its products. Plaintiff owns a registered trade dress for the color orange as applied to "hand operated plumbing snakes" under U.S. Trademark Registration No. 7,923,615 ("Registered Trade Dress"). A true and accurate copy Applicant's registration is attached as Exhibit 1.

14. Defendant's sales of products that are similar to Plaintiff's product and utilize Plaintiff's Registered Trade Dress is in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

15. Plaintiff is the owner of all rights, title, and interest in and to the Registered Trade Dress. The registration is valid, subsisting, unrevoked, and uncancelled. Plaintiff owns the exclusive right to use the color orange on hand operated plumbing snakes pursuant to this registration.

16. Plaintiff's brand, symbolized by the Registered Trade Dress, is a recognized trademark for Plaintiff's Products. As detailed below, Plaintiff has been using the Registered Trade

4

Dress for many years in connection with the advertising and sale of the Plaintiff's Product in interstate commerce, including commerce in the State of Illinois and the Northern District of Illinois.

17. The Registered Trade Dress has been widely promoted, both in the United States and throughout the world. The whole of the consuming public associates the Registered Trade Dress with Plaintiff, but also recognize that Plaintiff's Products sold in the United States originates exclusively with Plaintiff.

18. Plaintiff's Products bearing the Registered Trade Dress are sold throughout the nation online and through brick and mortar retail stores such as Home Depot.

19. Plaintiff maintains quality control standards for all of Plaintiff's products, including those sold under the Registered Trade Dress.

20. The Registered Trade Dress is a highly visible and distinctive worldwide symbol signifying the Plaintiff and, as a result, Plaintiff's Products bearing the Registered Trade Dress has generated millions of dollars in revenue for Plaintiff over the years. Plaintiff's Registered Trade Dress has become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff.

21. The Registered Trade Dress has never been assigned or licensed to any of the Defendant in this matter.

22. The Registered Trade Dress is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

23. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the Registered Trade Dress.

24. Upon information and belief, at all times relevant hereto, Defendant in this action has had full knowledge of Plaintiff's ownership of the Registered Trade Dress, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

25. Plaintiff has identified the Registered Trade Dress on the Infringing Products and felt the impact of the sale of the Infringing Products designed to resemble Plaintiff's official products utilizing the Registered Trade Dress.

26. Defendant's use of the Registered Trade Dress on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

27. Defendant has manufactured, imported, distributed, offered for sale, and sold Infringing Products using the Registered Trade Dress in the United States and the State of Illinois, including in this district, and continues to do so.

28. Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continues to use the Registered Trade Dress in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, *inter alia*, the Internet. The Infringing Products are not genuine products sold by Plaintiff under the Registered Trade Dress. The Plaintiff did not manufacture, inspect, or package the Infringing Products and did not approve the Infringing Products for sale or distribution. The Defendant offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold Infringing Products into the United States, including Illinois.

29. In addition, the Infringing Products for sale in the Defendant Internet Stores bear

similarities and indicia of being related to those of third-party sellers, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendant is interrelated with a consortium of third-party sellers.

30.   Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the Registered Trade Dress unless permanently enjoined.

31.   Plaintiff has no adequate remedy at law.

**COUNT ONE**
**FEDERAL TRADEMARK COUNTERFEITING AND INFRINGMENT**
**(15 U.S.C. § 1114)**

32.   The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

33.   The Plaintiff's Registered Trade Dress and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value.  The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Product.  Consumers associate the Plaintiff's Registered Trade Dress with the Plaintiff as the source of the very highest quality products.

34.   Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Registered Trade Dress and the fact that Defendant's Infringing Products are sold using a mark identical or confusingly similar to the Plaintiff's Registered Trade Dress, the Defendant has manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate

7

commerce.

35. Defendant's use of copies or approximations of the Plaintiff's Registered Trade Dress in conjunction with Defendant's Infringing Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

36. The Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

37. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

38. The Infringing Products sold and offered for sale by Defendant are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

39. By misappropriating and using the Plaintiff's Registered Trade Dress Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the source of such merchandise.

40. Defendant's unlawful, unauthorized, and unlicensed manufacture, distribution, offer for

8

sale, and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to Defendant's profit and to the Plaintiff's great damage and injury.

41. In addition, by using the word "US" in its store name Xfire-US, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the geographic source of such merchandise. The term US makes consumers confusingly believe that the Infringing products are manufactured in the United States, while Defendant's products are in fact made in China.

42. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Plaintiff's Registered Trade Dress, as well as Defendant's use of the word "US," in connection with their goods in interstate commerce, constitutes a false designation of origin and unfair competition.

43. The Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

**COUNT THREE**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES**
**(815 ILCS 510)**

44. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

45. The Infringing Products sold and offered for sale by Defendant are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use of the Registered Trade Dress is likely to cause confusion to the general

purchasing public.

46. By misappropriating and using the Plaintiff's Registered Trade Dress, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

47. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to the Defendant's profit and to the Plaintiff's great damage and injury.

48. In addition, by using the word "US" in its store name Xfire-US, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the geographic source of such merchandise. The term US makes consumers confusingly believe that the Infringing products are manufactured in the United States, while Defendant's products are in fact made in China.

49. Defendant's aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendant's use of the Plaintiff's Registered Trade Dress, as well as use of the word "US," in connection with their goods in interstate commerce, constitutes a false designation of origin and unfair competition.

50. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**PRAYER FOR RELIEF**

10

WHEREFORE, the Plaintiff prays for judgment against Defendant in favor of the Plaintiff on all counts as follows:

1.      That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

      (i)      using the Plaintiff's Registered Trade Dress or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Registered Trade Dress in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

      (ii)      passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

      (iii)      committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

      (iv)      further infringing the Plaintiff's Registered Trade Dress and damaging Plaintiff's goodwill;

      (v)      competing unfairly with Plaintiff in any manner, including by using any reference giving consumers the impression that Defendant's goods are made in the United States;

      (vi)      shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or

offered for sale, and that bear the Registered Trade Dress or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii)    using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Amazon stores, listings, or any other domain name that is being used to sell or is the means by which Defendant could continue to sell Infringing Products;

(viii)   operating and/or hosting websites at the Amazon stores and any other domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Registered Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trade Dress;

(ix)    registering any additional domain names that use or incorporate any of the Plaintiff's Registered Trade Dress; and,

(x)     possessing any product bearing the Plaintiff's Registered Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trade Dress. As part of compliance with this provision, we ask that Defendant or those who possess Defendant's infringing goods, segregate and destroy infringing goods.

2.     That Defendant, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendant has complied with any and all

injunctive relief ordered by this Court.

3.      Entry of an order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendant engage in the sale of Infringing Products using the Plaintiff's Registered Trade Dress;

4.      That Defendant account for and pay over to Plaintiff any and all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Registered Trade Dress be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

5.      That Plaintiff be awarded damages in an amount equal to Defendant's unjust enrichment;

6.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7.      Grant Plaintiff such other and further legal relief as may be just and proper.


Respectfully Submitted,


Dated: April 30, 2026                                    By: _____ /s/ Kevin Keener _____
                                                                        Kevin J. Keener
                                                                        DC # 6296898
                                                                        Keener & Associates, P.C.
                                                                        33 North Dearborn Street, Suite #1000
                                                                        Chicago, IL 60602
                                                                        (312) 945-8540
                                                                        kevin.keener@keenerlegal.com