**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Imagination Products Corporation

Plaintiff,

v.

Case No.: 1:26−cv−05000
Honorable Sunil R. Harjani

Xfire−US

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 28, 2026:

MINUTE entry before the Honorable Sunil R. Harjani: The Court has reviewed plaintiff's motion for electronic service of process [7] and supplemental filings. If the Hague Service Convention applies, then service by email is improper because the Convention prohibits service by email in China. Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co. 177 F.4th 793, 801 (7th Cir. 2026). However, the Hague Service Convention does not apply if a defendant's address is not known. "District courts handling Schedule A cases typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." Id. at 799 (quoting NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A", 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). Courts only consider efforts taken by a plaintiff before seeking leave for electronic service, and not efforts taken after a court order inquiring about the motion. See Erchonia Corp. LLC v. P'ships and Unincorporated Ass'ns Identified on Schedule A, 2026 WL 2354633, at *3 (N.D. Ill. Aug. 6, 2026); Deckers Outdoor Corp. v. A AO, 2026 WL 1802901, at *5 (N.D. Ill. June 23, 2026). Plaintiff's submissions do not reflect a reasonably diligent effort to ascertain and verify the defendant's address. Instead, the declaration submitted lists that counsel searched for defendant's physical address on Baidu.com and Google Maps and was unable to confirm it and that counsel hired a researcher in China but does not detail what efforts the researcher undertook to ascertain or verify the defendant's address. Accordingly, plaintiff's motion for alternative service of process [7], expedited discovery [5], and motion for temporary restraining order [9] are denied without prejudice. Plaintiff's motion to seal [14] is granted. A status report is due on 9/11/2026. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.