**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Imagination Products Corp.,
Plaintiff,

v.

Shenzhen Xinyu Technology Co. Ltd.
(深圳市信羽科技有限公司)
dba XFIRE-GEAR and Xfire-US,
Defendant.
__________________________________/

Case No. 1:26-cv-05000
Judge: Hon. Sunil R. Harjani
Magistrate: Hon. Laura K. McNally

**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Shenzhen Xinyu Technology Co. Ltd. (深圳市信羽科技有限公司), dba XFIRE-GEAR and Xfire-US ("Defendant"), by and through undersigned counsel, respectfully moves this Court to dismiss Plaintiff Imagination Products Corp.'s ("Plaintiff") Second Amended Complaint (Dkt. 24) in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support, Defendant states as follows:

## INTRODUCTION

Plaintiff asserts trademark counterfeiting and infringement under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and related claims under the Illinois Uniform Deceptive Trade Practices Act based solely on U.S. Trademark Registration No. 7,923,615 (Serial No. 98-102,820). That registration covers only the color Pantone Orange 021c "applied to a hand operated plumbing snake for household drain use." The registration expressly disclaims the shape: "The shape of the plumbing snake is not a feature of the mark and

is used only to illustrate placement of the mark on the goods." It is registered on the Supplemental Register.

The mark is invalid as a matter of law because the claimed color is functional for hand-operated plumbing snakes (drain snakes/augers). Even if not, the Complaint fails to plead facts supporting secondary meaning (required for a single-color mark) or a plausible likelihood of confusion. Defendant's accused products (ASINs B0DRGGSRVC, B0F24FS4KX, B0FJ8XS3CS, B0F6NC5MM8, B0F9TFDRH3, B0G2LCTDR3, B0G2LCXY7J, B0G2L9G142, and B0GT93NSJF) are materially different in shape, configuration, and overall appearance from the illustrative drawing in the registration and from Plaintiff's typical products. Color alone on differently shaped tools does not support a claim of infringement or counterfeiting. The Complaint's allegations are conclusory and fail *Twombly/Iqbal.*

## ARGUMENT

### I. Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Threadbare recitals of elements supported by conclusory statements do not suffice. The Court may consider documents attached to the Complaint (including the registration certificate attached as Exhibit 1) and matters subject to judicial notice, such as the content of the public USPTO record and publicly available product listings referenced in the Complaint. Fed. R. Evid. 201(b).

### II. The Asserted Color Mark Is Invalid Because It Is Functional

A product feature is functional—and therefore unprotectable as a trademark or trade dress —if it is "essential to the use or purpose of the article or if it affects the cost or quality of the article," or if exclusive use would put competitors at a significant non-reputation-related disadvantage. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32–33 (2001). In *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995), the Supreme Court stated:

> This Court consequently has explained that, "[i]n general terms, a product feature is functional," and **cannot serve as a trademark**, "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article," that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage.

*Id.*, quoting *Inwood Laboratories, Inc., supra,* at 850, n. 10 (emphasis added by Defendant). Functionality is an absolute bar; it applies to functional color marks and precludes registration on both the Principal and Supplemental Registers. TMEP § 1202.05(b).

Orange is a high-visibility color commonly used on tools, safety equipment, and drain-cleaning implements precisely because it enhances visibility in dark or obstructed environments such as drains and pipes. The USPTO has long recognized that colors such as orange and yellow are functional for safety and visibility purposes. See TMEP § 1202.05(b) (citing cases holding yellow/orange functional for safety signs, public telephones, and similar goods). Exclusive appropriation of Pantone Orange 021c for hand-operated plumbing snakes would place competitors at a non-reputation-related disadvantage by restricting a common, utilitarian color choice for a functional tool.

The registration itself confirms the mark is applied directly to the useful tool (the plumbing snake) and that the shape is disclaimed. Plaintiff's own allegations treat the color as a

feature of the product itself rather than packaging or a non-functional source identifier. Because the color is functional, the mark is invalid and all claims based on it fail as a matter of law.

**III. The Complaint Fails to Plead Secondary Meaning or a Valid Trademark Right**

Single-color marks are never inherently distinctive and require proof of secondary meaning. *Qualitex*, 514 U.S. at 163–64; *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211–12 (2000)("We held that a color could be protected as a trademark, but only upon a showing of secondary meaning."). Registration on the Supplemental Register provides no presumption of validity, ownership, or exclusive right to use. 15 U.S.C. § 1094. Plaintiff must therefore plead and ultimately prove that consumers associate the specific color Pantone Orange 021c with Plaintiff as the source of hand-operated plumbing snakes.

The Complaint contains only conclusory assertions of "recognition," "goodwill," and "millions of dollars in revenue." It does not allege facts showing substantial exclusive use, advertising expenditures specifically promoting the color as a source identifier, consumer surveys, or other evidence of secondary meaning. Mere use of an orange color on products is insufficient. The registration's own history (approved for the Supplemental Register after a non-final action) and the existence of a cancellation proceeding further underscore the mark's vulnerability. Without plausible allegations of secondary meaning, the federal and state trademark-based claims fail.

**IV. The Complaint Fails to Plead a Plausible Likelihood of Confusion**

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While likelihood of confusion is a fact-intensive inquiry ordinarily resolved after discovery, a complaint may still be dismissed under

Rule 12(b)(6) when the allegations of confusion are purely conclusory or when confusion is implausible on the face of the complaint. *Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*, 707 F.3d 869, 871 (7th Cir. 2013) (affirming dismissal where the complaint "does not allege that the use of '50/50' as a title has caused any confusion about the film's source—and any such allegation would be too implausible to support costly litigation," citing *Twombly* and *Iqbal*); see also *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 705 (7th Cir. 2014) (affirming dismissal of trademark claim where consumer confusion was implausible as a matter of law).

In the Seventh Circuit, courts evaluate seven factors: (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) actual confusion; and (7) the intent of the defendant to palm off its product as that of another. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 677–78 (7th Cir. 2001). District courts in this District routinely apply these factors at the motion-to-dismiss stage and require factual allegations that make confusion plausible; bare legal conclusions that use is "likely to cause confusion" are disregarded. See, e.g., *Mon Aimee Chocolat, Inc. v. Tushiya LLC*, No. 15 C 4235, 2015 WL 6407758, at *5–6 (N.D. Ill. Oct. 22, 2015) (analyzing the factors on a Rule 12(b)(6) motion and holding that supporting multiple factors with concrete allegations was required to survive dismissal).

Here, the Complaint fails that standard. The asserted mark consists solely of the color Pantone Orange 021c; the shape of the plumbing snake is expressly disclaimed and "is not a feature of the mark." (Compl. Ex. 1; Registration No. 7,923,615.) The Complaint lists

Defendant's ASINs but alleges only in conclusory fashion that Defendant's products "utilize Plaintiff's Registered Trade Dress" and are "similar." It does not identify the specific shade of orange used on any accused product, describe how the color is applied, or allege any facts showing that the overall commercial impressions are similar once the disclaimed shapes are taken into account. Defendant's accused products (as identified by the ASINs in ¶ 3 of the Complaint) are different configurations of drain snakes—typically nylon-coated metal-cable tools with micro-hook designs and distinct handle/grip geometries—not the same shape as the illustrative drawing in the registration or as Plaintiff's typical flexible plastic-style drain weasels. Because the only claimed element is color and the products differ materially in shape and overall design, the Complaint does not (and cannot plausibly) allege that consumers are likely to be confused as to source. See *Eastland Music*, 707 F.3d at 871.

The remaining allegations of "confusion, mistake, and deception" are pure legal conclusions that the Court must disregard. *Iqbal*, 556 U.S. at 678. Without factual support for the similarity-of-marks or similarity-of-products factors—or any other factor—the likelihood-of-confusion element is not plausibly pleaded. Counts One through Three therefore fail to state a claim.

**V. The Counterfeiting Claim Fails as a Matter of Law**

Counterfeiting under 15 U.S.C. § 1114 and related provisions requires use of a counterfeit of a registered mark—i.e., a spurious mark that is identical with, or substantially indistinguishable from, the registered mark. A single color on the Supplemental Register, applied to products of different shapes, cannot support a counterfeiting claim. The Complaint does not allege that Defendant used a mark identical or substantially indistinguishable from Pantone

Orange 021c in the precise manner claimed. Count One therefore fails to the extent it seeks counterfeiting remedies.

**VI. The Remaining Claims Are Derivative and Fail for the Same Reasons**

The § 1125(a) unfair-competition and false-designation claims, as well as the Illinois Uniform Deceptive Trade Practices Act claims, rest on the same alleged use of the registered color and the same conclusory assertions of confusion. They fail for the reasons stated above. The additional allegation that use of "US" in the store name "Xfire-US" falsely suggests U.S. origin is independently insufficient; it is a common, non-misleading practice among Amazon sellers and does not create a plausible claim of geographic misrepresentation of origin under the Lanham Act or Illinois law.

**VII. A. Allowing Exclusive Rights in Pantone Orange 021c Would Grant Plaintiff an Improper Monopoly Over a Prevalent Industry Color**

Orange is a highly prevalent, conventional color for hand-operated plumbing snakes and related drain-cleaning tools. Bright orange is widely used across the industry for high visibility in dark or obstructed drain environments, for safety, and simply as a common aesthetic choice for these inexpensive household implements. Numerous third-party products sold on Amazon and through other retail channels—including competing drain snakes, augers, and hair-removal tools—are offered in orange or orange-and-black color schemes. Plaintiff's attempt to monopolize Pantone Orange 021c for the entire category of "hand operated plumbing snakes" would therefore restrict a color that competitors have long used and continue to use for non-source-identifying reasons.

Granting exclusive trademark rights in this color would impose precisely the kind of non-reputation-related competitive harm the Supreme Court has forbidden. Competitors would be

forced either to avoid a standard, high-visibility color or to risk infringement liability simply for using an ordinary tool color. That result is incompatible with the Lanham Act's purpose and with the functionality doctrine's role in preserving free competition. Because the claimed color is both common in the trade and serves competitive needs unrelated to source identification, the mark is invalid as a matter of law. All claims predicated on Registration No. 7,923,615 therefore fail.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Second Amended Complaint in its entirety with prejudice, or, in the alternative, with leave to amend only to the extent any deficiency is curable, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 26, 2026

/s/ Jianyin Liu
Jianyin Liu
The Law Offices of James Liu PLLC
30 N LaSalle St, Ste 1510
Chicago, IL 60602
Telephone: 305-209-6188
Email: [to be completed]
Florida Bar No. 1007675

Attorney for Defendant
Shenzhen Xinyu Technology Co. Ltd.
dba XFIRE-GEAR and Xfire-US